**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| BRANDON CABLE <br> 13173 Brierstone Drive <br> Sterling Heights, Michigan 48312 <br><br> Plaintiff, <br><br> v. <br><br><br> ENHANCED RECOVERY COMPANY LLC <br> 8014 Bayberry Road <br> Jacksonville, FL 32256 <br><br> Defendant. | Case No.: 2:11-cv-14128 <br><br><br> JURY DEMAND REQUESTED <br><br> VERIFIED CIVIL COMPLAINT <br> (Unlawful Debt Collection Practices) |

**VERIFIED COMPLAINT**

PLAINTIFF BRANDON CABLE (Plaintiff), by his attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT ENHANCED RECOVERY COMPANY LLC (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Michigan, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Sterling Heights, Macomb County, Michigan and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Jacksonville, Florida.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant has placed calls to the Plaintiff up to 3 to 5 times per day.

11. When Defendant initially contacted Plaintiff, it failed to identify itself as a debt collector or to inform him information would be used in conjunction with an attempt to collect a debt.

12. Plaintiff sent Defendant a request that Defendant validate the debt, but Defendant did not do so and continued collection efforts.

13. Plaintiff receives calls from Defendant at telephone number: 586-876-6020.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Defendant violated *§1692e* of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

    d. Defendant violated *§1692e(10)* of the FDCPA through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the

failure to disclose in subsequent communications that the communication is from a debt collector.

WHEREFORE, Plaintiff, BRANDON CABLE, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY COMPANY, LLC for the following:

15. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

17. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, BRANDON CABLE, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,

KAHN & ASSOCIATES, L.L.C.

\_\_/s/ J. Daniel Scharville_____
J. DANIEL SCHARVILLE (0071132)
6200 Rockside Woods Blvd., Suite 215
Independence, Ohio 44131
Ph.: (216) 621-6101
Fax: (216) 621-6006
Attorney for the Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN

    Plaintiff, BRANDON CABLE, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

    Pursuant to 28 U.S.C. § 1746(2), I, BRANDON CABLE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9/15/2011
Date

BRANDON CABLE